## PUENTE *v.* PEREZ ET AL.

### APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 4.—Resuelto en Junio 16, 1904.

BIENES GANANCIALES—BIENES PARAFÉRNALES—MATRIMONIOS CELEBADOS CON ANTERIORIDAD Á LA PROMULGACIÓN DEL CÓDIGO CIVIL.—En relación con los matrimonios celebrados con anterioridad á la promulgación del Código Civil de 1889, los bienes y cargas de la sociedad conyugal y la condición de los bienes parafernales, se regirán por las disposiciones del derecho antíguo, ó sean las Leyes de Partidas y las de la Novísima Recopilación.

ID.—CARGAS DE LA SOCIEDAD CONYUGAL.—Con arreglo al derecho antíguo, los bienes parafernales, que son aquellos que aporte al matrimonio, ó adquiera después de constituido éste, cualquiera de los cónyuges, no responden de las cargas de la sociedad de gananciales, excepto en cuanto á sus productos ó rentas.

ID.— ENAGENACIÓN DE BIENES PARAFERNALES EN FRAUDE DE ACREEDORES DE LA SOCIEDAD CONYUGAL.—No siendo responsables los bienes parafernales de las cargas de la sociedad de gananciales, la enagenación de una finca que tenga el carácter de bien parafernal, no puede anularse bajo el concepto de haberse otorgado en fraude de acreedores de la sociedad conyugal.

CONTRATO DE CUENTA CORRIENTE.—CÓDIGO DE COMERCIO—CERTEZA Y EXIGIBILIDAD DE LAS CUENTAS CORRIENTES.—El contrato de cuenta corriente con una sociedad mercantil se regula por las disposiciones del Código de Comercio, y á la parte que produzca la cuenta corriente corresponde probar su certeza y exigibilidad.

ID.—PRESCRIPCIÓN.—Las diferentes partes de una cuenta corriente, cuando ésta se lleva de un modo regular y contínuo, no están sujetas á la ley de prescripción.

ID.—PRÉSTAMOS SIN VENCIMIENTO DETERMINADO.—Las disposiciones del artículo 313 del Código de Comercio no son aplicables á las reclamaciones de créditos que tengan un vencimiento fijo, sino exclusivamente á préstamos sin vencimiento determinado.

CEDENTE—CESIONARIO.—El cesionario queda subrogado, para todos los efectos, en los derechos y acciones del cedente en relación con el asunto objeto de la cesión.

BIENES PARAFERNÁLES—CARGAS DE LA SOCIEDAD CONYUGAL.—La obligación contraida por el marido de pagar ciertas deudas de la sociedad conyugal con los productos de los bienes parafernales de la mujer, no puede afectar el dominio que á ésta corresponde sobre los referidos bienes.

ID.—BIENES GANANCIALES.—El aumento del valor que durante el matrimonio adquiera una finca correspondiente á los bienes parafernales de la mujer, no puede estimarse perteneciente á la sociedad de gananciales, si no se probare plenamente que tal aumento fuera debido á mejoras que se hicieran en la finca con capital adquirido con tal fín por la sociedad conyugal.

## EXPOSICIÓN DEL CASO.

En el juicio seguido en el Tribunal de Distrito de Arecibo, entre partes, de la una Don Antonio Puente y Leal, primero, y después su cesionaria Doña Juana Puente y Leal, como demandante, y de la otra Don José Miranda Perez, su esposa Doña Dionisia Freites y Don José Arturo Freites sobre cobro de pesos y rescisión y nulidad de la venta de una finca rústica; cuyo juicio pende ante Nos á virtud de recurso de casación por infracción de ley, hoy de apelación, interpuesto por Doña Juana Puente Leal contra la sentencia que dictó el referido Tribunal, habiendo representado y defendido ante esta Corte Suprema á la parte recurrente el Letrado Don Jacinto Texidor, sin que hayan comparecido las partes recurridas.

*Resultando*: que la expresada sentencia, copiada literalmente dice así:—

"Sentencia.—No. 43.—En Arecibo, á veinte y dos de Diciembre de mil novecientos dos.—Vistos en juicio oral y público por esta Corte de Distrito el juicio declarativo seguido por Doña Juana Puente y Leal, soltera, mayor de edad, dedicada á las labores propias de su sexo, y vecina de Manatí, como cesionaria de Don Antonio Puente y Leal, propietario y del propio vecindario, representada y defendida por el Letrado Don Jacinto Texidor y Alcalá del Olmo, contra Don José Miranda, su esposa Doña Dionisia Freites y Don José Arturo Freites, vecinos de Manatí, y dirigidos por el abogado Don Elpidio de los Santos y Laguardia sobre rescisión de la venta de una finca rústica.

1.—*Resultando*: que el Letrado Don Herminio Diaz Navarro á nombre y representación de Don Antonio Puente y Leal vecino de Manatí, dedujo con fecha veinte de Septiembre de 1900 demanda en juicio declarativo de mayor cuantía contra los esposos Don José Miranda y Doña Dionisia Freytes y contra Don José Arturo Freytes, también vecino de Manatí, fundándose en que, según escritura pública otorgada en el referido pueblo de Manatí, ante el Notario Don Francisco Y. Náter y Rivera el 1º de Mayo de 1896 los Sres. Don Antonio Puente y Leal, Don Francisco Martínez García y Don José Antonio Martínez y García constituyeron en aquella población una sociedad mercantil denominada A. Puente y Ca., con el carácter los tres constituyentes

de gestores y por término que vencería el 1º de Mayo de 1900, y habiéndose disuelto esa sociedad, por consecuencia de esa disolución y de los pactos consignados entre los socios, quedaron totalmente separados de la sociedad disuelta y de todo el interés que en ella pudiera corresponderles, los socios Don Francisco y Don José Antonio Martínez y García y dueño exclusivo de todos los bienes, créditos, derechos y acciones el Sr. Puente y Leal, que á la vez quedó encargado de la liquidación del pasivo, según escritura pública otorgada el 11 de Agosto de 1900, ante el Notario de la Capital Don Mauricio Guerra: que con dicha sociedad A. Puente y Ca. hallábase en cuenta corriente Don José Miranda, vecino de Manatí, y por virtud de ello, según en principio lo comprababa la carta que acompañaba con el número uno, facilitaronsele por dicha sociedad varias sumas en dinero metálico y varias cantidades de provisiones, en distintas fechas, ascendentes á cinco mil trescientos cincuenta y ocho pesos un centavo, para el cultivo de una finca rústica radicada en el barrio de Rio-Arriba Poniente, jurisdicción de Manatí, compuesta de ciento veinte y cinco cuerdas, equivalentes á cuarenta y nueve hectáreas y trece áreas de terreno á café, plátanos y frutos menores, y colindante por el Norte con terrenos de María Rivera García y Pascual Rivera; por el Sur, con los de Don Salvador Freytes, Elena Freytes y José Arturo Freytes; por el Saliente, con Crispin Perales; y por el Poniente, con Don Ramón Agosto Román, cuya finca la hubo Doña Dionisia Freytes por herencia de su padre Don Pedro José Freytes, según expediente posesorio aprobado en primero de Junio de 1889 por el Sr. Juez Municipal de Manatí, inscrito en el Registro de la Propiedad de Arecibo; que no habiéndose pagado la ameritada deuda el treinta de Junio de 1899 en que debió ser satisfecha, y habiendo convenido en el abono del uno por ciento de interés mensual en caso de demora, liquidado este interés en 30 de Junio de 1900, resultan deudores los esposos Miranda Freytes del indicado principal y de setecientos diez y siete pesos treinta y tres centavos por intereses, menos veinte y cuatro pesos veinte y nueve centavos, que en cuanto á los últimos dejáronse de abonar, según la cuenta que adjuntaba con el número dos; y que los esposos Miranda y Freytes, con el deliberado propósito de no retener bajo su dominio bienes con que hacer efectiva la mencionada deuda y de burlar los derechos del Sr. Puente y Leal, simularon enagenar la referida finca, único capital que poseían é hiciéronla aparcer como vendida por la Sra. Freytes á su hermano Don José Arturo Freytes y Pagán, en escritura otorgada en Vega-Baja ante el Notario Sr. Don José Félix Lajara el día veinte de Enero de 1899, por la suma de cinco mil pesos, sin dar fé dicho Notario de la entrega

del precio á su presencia, ni haber consignado los referidos esposos el importe del crédito de su cliente en parte alguna.

2. *Resultando*: que como fundamentos de derecho en que apoya los hechos de su demanda, adujo las prescripciones del Código Civil referentes al cumplimiento anormal de las obligaciones y á los contratos celebrados en fraude de acreedores; las de la Ley Hipotecaria acerca de la misma materia y la Orden Judicial de 20 de Marzo de 1899 sobre simulación de contratos, traslación de dominio; y solicitó en definitiva la rescisión de la venta hecha por Doña Dionisia Freytes en escritura de veinte de Enero de 1899 y sí á ello no hubiere lugar se declarara la nulidad de dicha escritura, debiéndose cancelar su inscripción en el Registro de la Propiedad, y que dicha finca hasta donde alcanzare su valor, respondía de la suma de cinco mil trescientos y ocho pesos un centavo de principal, intereses al uno por ciento mensual desde el treinta de Junio de 1899 y costas.

3. *Resultando*: que habiéndose anotado dicha demanda en el Registro de la Propiedad de Arecibo, habiéndose acompañado á ella una carta fechada en dos de Julio de 1898 y suscrita por el demandado Don José Miranda dirigida á los Sres. A. Puente y Ca. de Manatí, en la cuál dicho Miranda reconoció adeudar una cantidad que no se precisaba á la expresada Mercantil, á quien decía que el café y todas sus cosechas irían á parar á la mercantil en pago de su deuda.

4. *Resultando*: que conferido traslado de la demanda á los demandados, lo evacuaron éstos dirigidos y representados por el Letrado Don Elpidio de los Santos Laguardia, en veinte y uno de Noviembre siguiente, exponiendo como hechos: que Don José Miranda Perez tenía relaciones de negocios con la mercantil A. Puente y Ca., á consecuencia de las negociaciones que en el comercio del Sr. Miranda realizaba éste y para surtir á dicho comercio; que Don José Miranda Perez sólo ha sido dueño de la finca que compró á Agosto Román, y la cual finca está gravada y es en la actualidad del citado Miranda Perez; que Don José Miranda Perez y la mercantil A. Puente y Ca. están pendientes de liquidar las cuentas que quedaron paralizadas en Noviembre del noventa y ocho; que Doña Dionisia Freytes de Miranda aportó al matrimonio como propiedad adquirida de su legítimo padre Don Pedro José Freytes la finca rústica que le vendió dicha Sra. en veinte de Enero del noventa y nueve á su legítimo hermano Don José Arturo Freytes y Pagán, y á la cuál fica pretende la mercantil demandante darle el carácter de gananciales; que Doña Dionisia Freytes y Pagán y Don José Arturo Freytes y Pagán no han tenido

con la mercantil A. Puente y Ca., ni tienen ninguna clase de nego-
cios; que Don José Miranda Perez atendía á todos sus compromisos
con el producto de su establecimiento mercantil; que de las cuentas
que le cobra la mercantil A. Puente y Ca. á Don José Miranda Perez
están prescritas, por no haber sido reclamadas en debida forma, las
de tres años anteriores á la fecha de este escrito; que Doña Dionisia
Freytes de Miranda y Don José Arturo Freytes Pagán realizaron el
contrato de compra venta de la finca discutida con perfecta legalidad,
por cuanto como dueña exclusiva de la misma, sin tener para nada
en cuenta las negociaciones de su esposo, por cuanto la mencionada
finca fué adquirida por herencia legítima del finado padre de la Sra.
Freytes de Miranda; y que la venta referida se realizó mucho antes
de que se publicara la orden prohibitiva y conminatoria, citada de
contrario.

5. *Resultando*: que como fundamentos de derecho alegó la repre-
sentación de los demandados las prescripciones de la Ley de Enjui-
ciamiento Civil sobre falta de personalidad en los demandados, los
artículos del Código de Comercio referentes á contratos, acciones y
prescripciones mercantiles: el Código Civil en cuanto al derecho de
propiedad y á los bienes gananciales, y la Ley Hipotecaria acerca de
la inscripción de los derechos que afectan á toda propiedad inmueble.

6. *Resultando*: que en definitiva solicitó la parte demandada que
se estimase con lugar la excepción dilatoria de falta de personalidad
en los demandados Doña Dionisia Freytes y Don José Arturo Freytes,
así como la perentoria de prescripción del derecho del demandante,
declarándose al mismo tiempo que la finca vendida por Doña Dionisia
Freytes, como adquirida en herencia paterna, no formaba parte de la
sociedad de gananciales con su esposo el otro demandado Don José Mi-
randa, y se desestimara la demanda en cuanto que reclamaba una suma
que no había sido liquidada, con las costas al demandante.

7. *Resultando*: que en la comparecencia para la proposición de
pruebas, el actor propuso prueba documental, de cotejo, pericial, tes-
tifical y de confesión; así como la parte demandada: consistiendo la
documental del actor, en una certificación de las inscripciones de la
finca de Doña Dionisia Freytes, copia de la escritura de venta de dicha
finca, otorgada en Vega Baja ante el Notario público en veinte de
Enero de 1899, por Doña Dionisia Freytes á Don José Arturo Freytes:
testimonio de cuentas pasadas entre la mercantil de Manatí A. Puente
y Ca. y Don José Miranda: certificación de los bienes inmuebles regis-
trados, de la propiedad del demandado Don José Miranda; y certifica-
ción de contribuciones pagadas por los demandados; y en cuanto á la

prueba documental propuesta y practicada á instancia de la parte demandada, consistente en documentos privados y certificaciones de contribuciones pagadas también por los demandados.

8. *Resultando*: que ántes de celebrarse el juicio oral de este pleito, el demandante Don Antonio Puente y Leal cedió por escritura pública á su hermana Doña Juana Puente y Leal todas sus acciones y derechos en este litigio, y el Tribunal, después de cumplidos los trámites legales, tuvo á esta parte por subrogada en los derechos y acciones de aquél, verificándose entonces el juicio oral con asistencia de los abogados de las partes, ante los cuales se practicó la prueba pertinente, y habiendo informado el abogado representante de los demandados acerca de la excepción dilatoria sobre falta de personalidad, y contestádole el abogado del actor, se dictó auto declarando sin lugar la excepción de falta de personalidad, siguiendo el juicio adelante.

9. *Resultando*: uqe el perito Don Clodomiro Acevedo dictaminó como firmadas por el mismo Don José Miranda, dos cartas dirigidas por éste á la mercantil A. Puente y Co., á que pertenecía el actor, una de tres de Julio de 1898 y otra en cuatro de Febrero de 1899, manifestando á aquellos señores que estaba agradecido á ellos por las consideraciones que le guardaban y que le esperasen algún tiempo, mientras cambiaba algo la situación, para pagarles su deuda, así como que no estaba conforme con el tipo de uno y medio de interés mensual que le cobraban, porque los negocios se hacían entonces difíciles, y que la causa del apuro del deudor estribaba en la compra que había hecho de una finca rústica á un tal Agosto, y les ofrecía que la cosecha entera de café iría á parar á la mercantil acreedora á cuenta de sus deudas, el propio Miranda absolvió posiciones, así como Don Antonio Puente y Leal, y los testigos Don José Rivera Rodriguez, Don Manuel Villamil y Don Salvador Freytes, después de los cuáles informaron los letrados, votándose luego esta sentencia.

10. *Resultando*: que en la sustanciación de este pleito se han observado todas las prescripciones legales. Siendo Ponente el Juez Presidente del Tribunal Don Felipe Cuchí y Arnau.

1. *Considerando*: que la cuestión planteada por las partes en este litigio se extiende á determinar: *primero,* Si la finca rústica enagenada por Doña Dionisia Freytes de Miranda á Don José Arturo Freytes debe ó no responder á la reclamación hecha por Doña Juana Puente y Leal, como cesionaria de su hermano Don Antonio; *segundo,* Si este pleito debe ó no resolverse con arreglo á la legislación mercantil; *tercero,* Si la acción para reclamar la cantidad que se reclama ha ó nó

prescrito; y *cuarto,* Si está ó no liquidada la cuenta corriente en cuya virtud litigan las partes colitigantes.

2. *Considerando*: por lo que se refiere al primer extremo: que habiéndose celebrado el matrimonio de Don José Miranda con Doña Dionsia Freytes anteriormente á la promulgación del Codigo Civil de 1889 en Puerto Rico, la legalidad vigente en cuanto á los bienes y cargas de la sociedad conyugal y á la condición de los bienes parafernales la constituye el derecho antíguo, ó sea la Ley 17 Título XI de la Partida IV y la Ley 5ª Título IV, Libro X de la Novísima Recopilación, según las que son bienes parafernales los que aporte al matrimonio ó adquiera después de celebrado éste, cualquiera de los cónyuges, estando dichos bienes excluidos de responder á las cargas de la sociedad de gananciales excepto en cuanto á sus productos ó rentas.

3. *Considerando*: que la finca enagenada por Doña Dionisia Freytes de Miranda á Don José Arturo Freytes, en escritura pública de 20 de Enero de 1899, fué adquirida Doña Dionisia Freytes á título de herencia de su padre, según aparece del expediente posesorio terminado por auto del Juzgado Municipal de Manatí en primero de Julio de 1899, é inscrito en el Registro de la Propiedad de Arecibo con fecha veinte y seis de Octubre del mismo año, por cuya razón dicha finca tiene el carácter de bienes parafernales y no está obligada en lo que no fueren sus productos ó rentas, á responder de la deudas contraidas por el marido de la Doña Dionisia, aún cuando esas deudas aparecieren creadas para sostenimiento de la sociedad de gananciales.

4. *Considerando*: que el hecho de que el marido Don José Miranda Perez prometiese en carta privada á la mercantil A. Puente y Ca., causahabiente de la actual demandante, remitirle toda la cosecha de la finca de su esposa, á cuenta de las deudas por el mismo marido contraidas en la mercantil mencionada, no significa que dicha finca quedare obligada para con la mercantil A. Puente y Ca., en otra cosa que en el producto de la cosecha ofrecida, pues es doctrina júridica sancionada en las sentencias del Tribunal Supremo de España de nueve de Junio de 1883 y 30 de Abril de 1888, entre otras, que sólo los frutos de los bienes parafernales responden de las deudas contraidas por el marido cuando éstas lo han sido, como en el presente caso, en provecho de ambos cónyuges.

5. *Considerando*: que ni de la prueba documental, ni de la testifical, ni de ninguna otra aportada á este litigio, se desprende que el aumento del valor obtenido en la finca enagenada por Doña Dionisia Freytes, obedeciese á préstamos ó anticipos de dinero hechos por la mercantil A. Puente y Ca. á Don José Miranda Perez, pués de los

autos aparece que el referido Miranda contraia paulatinamente deudas con la mercantil expresada sin conocimiento de su esposa, y que poseía un ventorrillo dedicado al comercio pequeño, por el cuál pagaba contribución, habiendo en el curso de la sociedad conyugal comprado con dinero efectivo otra finca de valer.

6. *Considerando*: que no habiéndose justificado en este pleito que la finca poseída por Doña Dionisia Freytes y vendida por ella en veinte dé Enero de 1899 á Don José Arturo Freytes, fuera responsable de las deudas contraidas por el marido de aquélla, aunque se contrajeran por Miranda en provecho de la sociedad de gananciales, según expresa el Tribunal Supremo de España entre otras decisiones en su sentencia de 22 de Noviembre de 1888, carecen en absoluto de aplicación al presente caso los artículos 1291, caso 3 y 1297 del Código Civil, que declaran rescindibles los contratos hechos en fraude de acreedores; y por consiguiente la Orden Judicial de 20 de Marzo de 1899 sobre contratos simulados.

7. *Considerando*: por lo que al segundo extremo se refiere, que siendo la mercantil de Manatí A. Puente y Ca., una de las dos partes contratantes en la cuenta corriente que sostenía con Don José Miranda la legislación que debe aplicarse á éstos es la mercantil, siendo obligación de la sociedad mercantil citada, según la sentencia del Tribunal Supremo de España de 15 de Febrero de 1879, probar la certeza de la cuenta corriente, á los efectos de su exigibilidad en juicio.

8. *Considerando*: que según aparece de los libros de la mercantíl A. Puente y Ca., el deudor Don José Miranda Perez adeudaba á dicha sociedad en 30 de Junio de 1899, cinco mil trescientos cincuenta y ocho dollars y un centavo, con sus intereses estipulados á razón del uno por ciento mensual en caso de mora, desde la expresada fecha hasta el completo pago, y no es de apreciarse la excepción de prescripción alegada por los demandados en cuanto á cantidades vencidas antes del 30 de Junio de 1899, porque las cuentas corrientes entre A. Puente y Ca. y Don José Miranda Perez eran continuas, y este carácter las exceptúa de prescripción.

9. *Considerando*: en cuanto al último extremo, que el artículo 313 del Código de Comercio que exige un requerimiento previo por instrumento público, con treinta días de anticipación, para ponerse en aptitud el demandante de reclamar válidamente sus créditos, no es aplicable al presente caso, porque las cuentas de A. Puente yCa. con Don José Miranda Perez, tenían un vencimiento fijo, y el citado artículo

del Código de Comercio se refiere exclusivamente á los préstamos sin vencimiento determinado.

10. *Considerando*: que habiendo cedido el demandante todos sus derechos y acciones en este litigio á Doña Juana Puente y Leal, ha quedado ésta subrogada para todos los efectos del mismo, en la personalidad del demandante.

11. *Considerando*: que habiendo sido declarada sin lugar la excepción de falta de personalidad en los demandados, aducida por éstos, procede declarar este pleito sin especial condenación de costas, con arreglo á lo establecido en el artículo 63 de la Orden General número 118 de 1899.

Vistos la Ley 17, Título XI de la Partida IV; la 5ª, Título IV, Libro X de la Novísima Recopilación; artículos 1291 y 1297 del Código Civil; artículo 50 y 313 del Código de Comercio; artículos 371 de la Ley de Enjuiciamiento Civil y Orden General de 20 de Mayo y 15 de Agosto de 1899.

*Fallamos*: que debemos condenar y condenamos á Don José Miranda Perez á pagar á Doña Juana Puente y Leal, como cesionaria del demandante en este pleito, la cantidad de cinco mil trescientos cincuenta y ocho pesos un centavo oro americano, con más sus intereses al uno por ciento desde el 30 de Junio de 1899 hasta su completo pago; y absolvemos de la demanda á Doña Dionisia Freytes Pagán y á Don José Arturo Freytes Pagán, cuya escritura de compra-venta otorgada en Vega Baja ante el Notario público el día veinte de Enero de 1899, declaramos válida y eficaz, sin especial condenación de costas. Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.''

*Resultando* que contra esa sentencia interpuso la representación de Doña Juana Puente y Leal recurso de casación por infracción de ley, que le fué admitido, y elevados los autos á esta Corte Suprema, previa citación y emplazamiento de las partes, se tramitó dicho recurso como de apelación, en consonancia con la Ley de la Asamblea Legislativa de 12 de Marzo del año próximo pasado, que transformó este Tribunal Supremo, en Corte de Apelación, señalándose día para la vista, que tuvo lugar con asistencia del letrado de la parte recurrente, quien solicitó la revocación de la sentencia en cuanto por ella se declara válida y eficáz la escritura cuya rescisión ó nulidad fué solicitada en la demanda.

Abogado del apelante: *Sr. Texidor.*

Abogado de los apelados: *Sr. Alvarez Nava.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando* que la parte actora invocó en su demanda como fundamentos de derecho los artículos 1089, 1091, 1108, 1291, 1297 y 1299 del Código Civil, los 62, 63 y 50 del Código de Comercio, los 36, 37 y 41 de la Ley Hipotecaria, la sentencia del Tribunal Supremo de España de 2 de Deciembre de 1887, los artículos 1, 2 y 3 de la Orden Judicial de 20 de Marzo de 1899, y el 63 de la Orden General No. 118, del mismo año, y en escrito posterior á dicha demanda, como adición á la súplica de la misma, interesó también fueran condenados los esposos Miranda Freytes al abono de las responsabilidades expresadas en la mencionada súplica, extremo que por omisión involuntaria de cópia no se había consignado en ella.

*Resultando* que los demandados al contestar la demanda, citaron en apoyo de su derecho, los artículos 531 y 532 de la Ley de Enjuiciamiento Civil, los 348, 657, 661, 1401 y 1408 del Código Civil, y los 313, 342, 943 y 1967 del Código de Comercio.

*Resultando* de certificación expedida por el Registrador de la Propiedad de Arecibo que Don José Miranda en el año de 1899 promovió ante el Juzgado Municipal de Manatí expediente para acreditar la posesión en que se hallaba su esposa Doña Dionisia Freytes, desde hacia seis años, de la finca de ciento veinte y cinco cuerdas, á que se refiere este pleito, la que diez años antes, más ó menos, había adquirido por herencia de su padre Don Pedro José Freytes, habiéndose señalado á dicha finca el valor de seiscientos pesos, expediente que fué aprobado por auto de primero de Julio del año citado, é inscrito en dicho Registro de la Propiedad, en 26 de Octubre del propio año, cuya finca vendió posteriormente á la Doña Dionisia por escritura pública otorgada en Vega-

Baja con fecha 20 de Enero de 1899, también inscrita en el mencionado Registro, á Don Arturo Freytes por precio recibïdo de cinco mil pesos.

*Resultando* de la cuenta corriente que llevaba Don José Miranda con A. Puente y Ca., de que se deriva el crédito reclamado, que las partidas de deber de dicha cuenta se refieren en su mayor parte á provisiones, mercancías y efectos, y algunas también á metálico, sin que en ellas figure Doña Dionisia Freytes: que Don José Miranda al absolver posiciones, en el acto del juicio oral, manifestó que tenía un pequeño ventorrillo en la finca de su esposa, que lo que tomaba en casa de A. Puente y Ca. lo destinaba á dicha finca y á otra que compró en fecha que no puede precisar; que se comprometió á pagar el importe de la cuenta que se le reclama con el producto de las dos fincas expresadas: que si bien en el expediente posesorio de la finca de su esposa manifestó que valía seiscientos pesos, lo hizo así para conseguir que el Juzgado y el Secretario le cobraran poco por la instrucción del expediente, pues entendía que valía el doble ó quizás el triple de aquella cantidad: que con posterioridad á la adquisición de la finca por su esposa, se hicieron en ella varias plantaciones de café y otros frutos, por los agregados que trabajan en ella, á medias con Doña Dionisia, y que ésta no tenía conocimiento de sus cuentas con la casa de Puente pues eran suyas particulares y las pagaba con otra finca que tenía: habiendo declarado el testigo Don José Rivera Rodriguez que conoce la finca de Doña Dionisia Freytes, é ignora el valor que pueda tener, que antes estaba dedicada á pastos y malezas y algunas plantaciones de café, que hoy no tiene: que cuando Doña Dionisia vendió dicha finca á Don José Arturo Freytes había en ella plantaciones de café y algunos establecimientos, y que los pagos se hacían á la casa de Puente de los productos de café de la finca de ciento veinte y cinco cuerdas teniendo otra Miranda en Enero de 1899 que había comprado á un tal Agosto por los años 97 al 98.

*Aceptando* los Considerando de la sentencia apelada, pero

entendiéndose modificado el 8° en el sentido de que la suma adeudada por Don José Miranda Perez á la mercantil A. Puente y Ca., según los libros de esa sociedad, ascendía á cinco mil trescientos cincuenta y ocho pesos y un centavo en moneda provincial y nó dollars, según se expresa en dicho Considerando.

*Considerando* que si bien en el expediente posesorio instruido en el año de 1889, para acreditar la posesión en que estaba Doña Dionisia Freytes de la finca de ciento veinte y cinco cuerdas de terreno, á que se refiere la demanda, se hizo constar que valía seiscientos pesos, y posteriormente en Enero de 1899, Doña Dionisia la vendió á su hermano Don Arturo por precio recibido de cinco mil pesos, ese aumento del valor de la finca sobre el que antes se le diera, no puede reputarse perteneciente á la sociedad de gananciales, del matrimonio Miranda-Freytes, y sujeto, por tanto, al pago de la deuda que se reclama, pués no se ha justificado en el juicio cuál fuera el valor que aquélla tuviera al adquirirla Doña Dionisia de su padre Don Pedro José Freytes, por título de herencia, seis años antes á la fecha de instrucción del expediente posesorio, ni que el mayor valor de cinco mil pesos, por el que la vendió á su hermano Don Arturo, fuera debido á mejoras que se hicieran en la misma con capital que facilitara la mercantil ''A. Puente y Ca.'' á la sociedad de gananciales del matrimonio Miranda-Freytes, siendo, como es, insuficiente para probar extremo tan importante, la declaración prestada por Don JoséMiranda Perez, más bien contradicha que corroborada por las partidas de su cuenta corriente con A. Puente y Ca., que en su mayor parte se refieren á provisiones y mercancías, sin que la obligación que contrajo de pagar la deuda con los productos de la finca pueda afectar el dominio que Doña Dionisia tenía sobre ella.

*Considerando* que ya se atienda á los preceptos del Código Civil de 1899, ya á la Legislación anterior, no puede estimarse obligada Doña Dionisia Freytes á responder, con el

valor total ó parcial de la finca que vendió á su hermano, del pago de la deuda contraida por su esposo Don José Miranda con la sociedad A. Puente y Ca., y que por tanto faltan términos hábiles para aplicar á ella, y á su hermano Don Arturo, los preceptos de la Orden Judicial de 20 de Marzo de 1899, del Código Civil y de la Ley Hipotecaria, que se invocan en la demanda.

*Vistos* los textos legales que se citan en la sentencia.

*Fallamos* que debemos confirmar y confirmamos la sentencia que dictó el Tribunal de Distrito de Arecibo en veinte y dos de Diciembre de mil novecientos dos, con la sóla modificación de que la cantidad que debe pagar Don José Miranda Perez á Doña Juana Puente y Leal es la de cinco mil trescientos cincuenta y ocho pesos un centavo moneda provincial, que será reducida á americana, con el descuento de un cuarenta por ciento, é imponemos las costas del recurso á la parte apelante; y devuélvanse los autos al Tribunal sentenciador con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.