ENRIQUE GONZÁLEZ GONZÁLEZ, demandante y apelado, *v.* JESÚS MARRERO y LUISA MIRANDA, demandados y apelantes.

Núm. 7853.—*Sometido:* Mayo 19, 1939. *Resuelto:* Enero 10, 1940.

*Miguel Santoni* y *A. Cadilla Ginorio,* abogados de los apelantes; *Luis Tirado Géigel,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Tenemos ante nos un recurso de apelación interpuesto contra sentencia dictada por la Corte de Distrito de Arecibo en pleito iniciado por Enrique González, el aquí demandante apelado, contra Jesús Marrero y Luisa Miranda (demandados apelantes) en cobro de un dinero que el finado hijo de éstos debía al demandante en cuenta corriente. Los demandados alegaron la prescripción, que nunca habían aceptado la herencia y en su consecuencia que no eran responsables de las deudas de su hijo.

La cuenta se extendía del 22 de diciembre de 1928 al 15 de abril, 1931, y al ser liquidada mostraba un saldo de $395.41 a favor del demandante. El deudor falleció el 26 de abril, 1931. El acreedor trató de cobrar de los padres pero sus esfuerzos resultaron infructuosos. En su consecuencia radicó demanda ante la Corte Municipal de Ciales el 15 de septiembre de 1934 y pidió sentencia por la suma de $395.41, importe de la cuenta, más $79.08 por concepto de intereses hasta la fecha de la radicación de la demanda, o sea por un total de $474.49. La corte municipal dictó sentencia a favor del demandante por la suma reclamada. Los demandados apelaron para ante la Corte de Distrito de Arecibo.

En dicha corte el demandante probó la cuenta. También probó que Prudencio Marrero falleció en Ciales, Puerto Rico, el 26 de abril, 1931, al ponerse en contacto con un alambre de alta tensión que le electrocutó. Era mayor de edad, soltero, y sin descendientes de clase alguna. Sus padres Jesús Marrero y Luisa Miranda demandaron a la compañía de fuerza eléctrica y alegaron en su demanda: ''Que los demandantes son marido y mujer, y padre y madre legítimos res-

pectivamente de su hijo llamado Prudencio Marrero Miranda, quien murió siendo soltero a la edad de 29 años, ab intestato, sin dejar ningún descendiente, siendo, como son, sus expresados ascendientes, padre y madre aquí demandantes, sus únicos y universales herederos."

En cuanto a la defensa de prescripción la corte de distrito dijo:

"Aún aceptando que este caso se rija por el artículo 1867, inciso cuarto, del Código Civil, la acción no estaba prescrita al entablarse la demanda, considerando las gestiones de cobro realizadas por el acreedor."

La corte de distrito consideró que los demandados habían aceptado tácitamente la herencia al radicar un pleito ante ella en solicitud de compensación como herederos de su hijo. Los demandados presentaron como prueba una escritura de repudiación de herencia otorgada el día del juicio. La corte resolvió que una vez aceptada, la herencia no podía ser repudiada y dictó sentencia a favor del demandante por la suma de $395, y las costas, excluyendo honorarios de abogado.

██ Los apelantes señalan cinco errores, el primero de los cuales lee como sigue:

"La corte de distrito cometió error al resolver que la acción establecida no está prescrita de acuerdo con lo establecido en el Artículo 1867, inciso 4, del Código Civil de Puerto Rico, ed. de 1930, . . . . y al considerar dicha prescripción interrumpida por las gestiones de cobro extrajudiciales del acreedor; y al desestimar, por tal razón, la defensa de prescripción establecida."

En lo que a la defensa de prescripción se refiere los apelantes sostienen que una cuenta corriente es un contrato mercantil y se rige por el Código de Comercio. Citan el caso de *Puente* v. *Pérez*, 7 D.P.R. 186, que dice:

"El contrato de cuenta corriente con una sociedad mercantil se regula por las disposiciones del Código de Comercio, . . ."

Sostienen además que el Artículo 940 del Código de Comercio (ed. de 1932) es aplicable y que el término de pres-

cripción debe buscarse en el Código Civil. El artículo citado prescribe:

"Artículo 940.—Las acciones que en virtud de este Código no tengan un plazo determinado para deducirse en juicio, se regirán por las disposiciones del derecho común."

El Artículo 1867, inciso 4, del Código Civil (ed. de 1930) provee:

Artículo 1867.—Por el transcurso de tres años prescriben las acciones para el cumplimiento de las obligaciones siguientes:

"     .     .     .     .     .     .     .     .

"4.—La de abonar a los posaderos la comida y habitación, y a los mercaderes el precio de los géneros vendidos a otros que no lo sean, o que siéndolo se dediquen a distinto tráfico."

Aceptan que de conformidad con el Artículo 1873 del Código Civil la prescripción de las acciones civiles se interrumpe por reclamación extrajudicial. Ese artículo dispone:

"La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor."

Alegan, sin embargo, que el término de prescripción hay que buscarlo en el Código Civil; pero que la forma de interrumpirlo no se halla en el Código Civil, sino en el de Comercio, que lee:

"Artículo 941.—La prescripción se interrumpirá por la demanda u otro cualquier género de interpelación judicial hecha al deudor; por el reconocimiento de las obligaciones, o por la renovación del documento en que se funde el derecho del acreedor.

"Se considera la prescripción como no interrumpida por la interpelación judicial, si el actor desistiere de ella, o caducara la instancia, o fuese desestimada su demanda.

"Empezará a contarse nuevamente el término de la prescripción en caso de reconocimiento de las obligaciones, desde el día en que se haga; en el de su renovación, desde la fecha del nuevo título, y si en él se hubiere prorrogado el plazo del cumplimiento de la obligación, desde que éste hubiere vencido."

Citan el caso de *Manrique* v. *Ramírez*, 37 D.P.R. 252, en el cual este tribunal resolvió:

"Está prescrita una acción basada en una cuenta corriente originada por la venta de géneros de comercio que se ejercita transcurrido el término fijado por el artículo 1868 del Código Civil Revisado (1867 de la edición de 1930)."

Es cierto que la acción parece haber prescrito según el Artículo 1867 del Código Civil (ed. de 1930), pero conforme al Artículo 1873 del mismo cuerpo legal, la prescripción de las acciones se interrumpe "por reclamación extrajudicial del acreedor." Se probaron las reclamaciones extrajudiciales. La corte de distrito resolvió que los esfuerzos hechos por el acreedor para cobrar su cuenta habían interrumpido el período prescriptivo. Si acudimos al Código Civil en busca de la prescripción tenemos que ir al mismo Código para interrumpirla y no al Código de Comercio.

La cuestión en controversia claramente es si el Artículo 940 (ed. de 1932) del Código de Comercio, se refiere a las acciones o a los términos prescriptivos. Si se refiere a las acciones entonces todas las reglas del Código Civil en materia de prescripción son aplicables. Si se refiere a los términos tenemos que acudir al Código Civil tan sólo para el plazo y al Código de Comercio para las causas que pueden interrumpir la prescripción. Véanse Gayde Montellá, V, págs. 482, 486 y 489, y sentencia del Tribunal Supremo de España de junio 18, 1923 (159 J. C. 503.)

El Tribunal Supremo de España, en su sentencia de noviembre 23, 1917 (141 Jur. Civ. págs. 777 y 778) dijo:

"Que conforme al artículo 943 del Código de Comercio las acciones que en virtud de este Código no tengan un plazo determinado para deducirse en juicio, se regirán por las disposiciones del derecho común; y preceptuado por el artículo 1,973 del Código Civil que la prescripción de las acciones se interrumpe por reclamación extrajudicial, no existe infracción alguna en la sentencia cuando entiende que al presentar el actor la factura interrumpió la prescripción; ya que ese acto representa y significa que el acreedor reclama el im-

porte de su cuenta, sin que tampoco quepa suponer infringido el artículo 944 del primero de aquellos Códigos, porque tal precepto establece que la prescripción se interrumpirá por el reconocimiento de las obligaciones, y la sentencia recurrida aplica rectamente este concepto al hecho de haberse entregado en diferentes fechas cantidades a cuenta del importe de los trabajos realizados.''

Resolvemos que cuando el Código de Comercio dice que las acciones que no tengan plazo determinado para deducirse en juicio ''se regirán por las disposiciones del derecho común,'' dicho Código ha querido referirse a las acciones y no a los plazos o términos prescriptivos.

■ En cuanto a la responsabilidad por las deudas del hijo:

El alegato de los apelantes discute los señalamientos 2, 3 y 4 conjuntamente. Éstos leen así:

''2.—La corte de distrito cometió manifiesto error al resolver que los demandados Jesús Marrero y Luisa Miranda habían aceptado tácitamente, pura y simplemente, la herencia de su hijo fallecido Prudencio Marrero Miranda, al presentar la acción sobre daños y perjuicios contra la Porto Rico Railway, Light & Power Co., por la muerte de su dicho hijo Prudencio, debida a la culpa y negligencia de dicha compañía; por no constituir el ejercicio de dicha acción una aceptación tácita de herencia, ni de ningún otro modo.

''3.—La corte de distrito cometió error al dictar sentencia declarando con lugar la demanda presentada, y haciendo responsables a los demandados de la alegada deuda de su hijo fallecido Prudencio Marrero Miranda, sin haber los demandados aceptado en ningún momento la herencia de su dicho hijo, ni tácita ni expresamente, ni pura ni simplemente, ni a beneficio de inventario, ni de ningún modo ni manera; y por el contrario, habiendo los demandados renunciado expresamente a ella, por escritura pública de fecha 13 de abril de 1938 ante el notario Miguel Santoni.

''4.—La corte de distrito cometió error al dictar sentencia a favor del demandante, por ser dicha sentencia contraria a derecho y a la prueba presentada.''

Los apelantes sostienen que el hecho de que reclamaran y obtuvieran indemnización por la muerte de su hijo no equivale a la aceptación de la herencia, y que la radicación de

la demanda no fué una actuación (*overt act*) dentro del significado del estatuto. El artículo 953 del Código Civil (ed. de 1930) dice así:

"Artículo 953.—La aceptación pura y simple puede ser expresa o tácita.

"Expresa es la que se hace en documento público o privado.

"Tácita es la que se hace por actos que suponen necesariamente la voluntad de aceptar, o que no habría derecho a ejecutar sino con la cualidad de heredero.

"Los actos de mera conservación o administración provisional no implican la aceptación de la herencia, si con ellos no se ha tomado el título o la cualidad de heredero."

Arguyen que los actos a que alude el artículo anterior tienen que estar relacionados con la herencia o con la sucesión, y que cualquier acto que no tenga que ver ni se relacione con la herencia o sucesión, aún si se asume el carácter de heredero, no equivale a una aceptación. Citan del tomo 7 de Manresa, págs. 407 y siguientes.

Insisten en que el pleito contra la compañía de fuerza eléctrica no tenían necesariamente que radicarlo en su calidad de herederos. *Ruberté* v. *American R. R. Co.*, 52 D.P.R. 471.

El Artículo 951 del Código Civil (ed. de 1930) provee:

"La aceptación y la repudiación de la herencia, una vez hechas, son irrevocables, y no podrán ser impugnadas sino cuando adoleciesen de algunos de los vicios que anulan el consentimiento, o apareciese un testamento desconocido."

Los apelantes tratan de argüir que la aceptación fué tan sólo provisional, a fin de iniciar el litigio contra la Porto Rico Railway, Light & Power Co., y que la aceptación para dicho fin no fué una aceptación en la forma prescrita en el artículo 951 supra.

Creemos que el contexto del artículo es absoluto, con exclusión de las excepciones allí enumeradas. Es obvio que los apelantes tenían una reclamación de daños y perjuicios contra la aludida compañía y que dicho pleito se redujo a numera-

rio, o sea a la suma de $3,000 mediante una transacción. El dinero correspondía a los herederos. Los padres no demandaban en reclamación de las pérdidas propias, como sucedió en el caso de Ruberté.

Si los padres hubieran repudiado la herencia de manera terminante, entonces tal vez los herederos colaterales, como por ejemplo los hermanos y hermanas del finado, hubieran demandado a nombre de la sucesión y obtenido los $3,000. La suma reclamada en el presente caso ascendía tan sólo a $474.49, y hubiera sido empresa muy lucrativa para los herederos colaterales reclamar y obtener la suma de $3,000 si con ello tan sólo tenían que pagar la cantidad de $474.49. El hecho cierto es que al instar demanda los padres se beneficiaron y recibieron lo que los herederos tenían derecho a percibir. La reclamación pertenecía a los herederos. En su consecuencia podría surgir algo similar a un impedimento (*estoppel*).

Es innecesario continuar el argumento toda vez que los términos del artículo 951 son claros, mas el anterior razonamiento tal vez tienda a demostrar el objeto que tuvo la Asamblea Legislativa al hacer que la letra del artículo fuera tan terminante.

No tenemos que investigar todas las razones que tuvo el poder legislativo, porque estamos plenamente convencidos de que cuando la letra de una ley o de los precedentes es clara, ella debe ser seguida.

El artículo 14 del Código Civil (ed. de 1930) dispone:

"Cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu."

El quinto error lee así:

"5.—La corte de distrito cometió error al negarse a admitir la enmienda a la contestación a la demanda, propuesta por los demandados, en el sentido de añadir al hecho o defensa primera contenida en dicha contestación lo siguiente: 'Que los demandados han renun-

ciado y repudiado expresamente la herencia de su hijo Prudencio Marrero, por escritura otorgada en el día de hoy, ante el notario Miguel Santoni.' "

Éste es un error técnico puesto que cuando la corte admitió la prueba ya la contestación había sido prácticamente enmendada. Además ella se negó a enmendar la contestación no porque la enmienda no procediera sino porque la corte la creía innecesaria.

*Debe confirmarse la sentencia apelada.*