F. Carrera & Hno., demandante y apelada, *v.* Sucn. de Pedro Aquino, Etc., demandados y apelantes.

Núm. 8409.—*Sometido:* Febrero 13, 1942. *Resuelto:* Marzo 13, 1942.

144

*Antonio J. Amadeo,* abogado de los apelantes; *Géigel & Silva,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

F. Carrera & Hno., casa de comercio traficante en provisiones al por mayor, demandó a los herederos de Pedro Aquino en cobro de un balance ascendente a $1,045.50 que se alega Aquino, un detallista, le adeudaba al momento de su muerte. Los demandados radicaron una contestación en la cual admitieron algunas de las alegaciones y negaron otras, pero no comparecieron al juicio. Después de oír la evidencia de la demandante en el juicio, la corte inferior dictó sentencia a su favor por la cantidad reclamada, con intereses y costas. Los demandados apelaron de esta sentencia. Alegan que la corte de distrito erró (*a*) al concluir que la demanda aducía hechos suficientes para determinar una causa de acción, y (*b*) al concluir que la evidencia aportada fué suficiente para probar las alegaciones de la demanda.

■ Los demandados alegan que éste es un pleito sobre una cuenta liquidada (*account stated*), y que la demanda es defectuosa porque no alega que el deudor o los demandados consintieron o convinieron en el balance arrojado después de la liquidación de la cuenta. La demandante no impugna la existencia de esta regla de procedimiento en un pleito sobre una cuenta liquidada (*account stated*) ·(*Lange* v. *Honoré*, 51 D.P.R. 711, *Insular Industrial, etc. Ass'n.* v. *Cintrón*, 52 D.P.R. 631). Alega la demandante que la regla no se aplica a este caso, toda vez que éste es un pleito sobre una cuenta corriente en vez de un pleito sobre una cuenta liquidada (*account stated*). Tiene razón la demandante en esta alegación. *Sanabria* v. *Rosa et al.*, 32 D.P.R. 583, *De León* v. *Pérez et al.*, 54 D.P.R. 215.

■ Durante el juicio el único testimonio ofrecido fué el del tenedor de libros de la apelada. Declaró que Aquino tenía una tienda en Guaynabo; que Aquino solía comprar provisiones de la apelada a crédito; que estas compras aparecían en los libros de la firma como una cuenta corriente; y que Aquino debía en dicha cuenta corriente la cantidad de. $1,045.50, la cual no se había pagado.

Para sostener su alegación de que esta evidencia era insuficiente, los apelantes descansan en la disposición del artículo 82 del Código de Comercio (Ed. 1932) al efecto de que "la declaración de testigos no será por sí sola bastante para probar la existencia de un contrato, cuya cuantía exceda de trescientos dólares, a no concurrir con algúna otra prueba".

Hemos decidido que una cuenta corriente es un contrato mercantil que está regulado por el Código de Comercio. *González* v. *Marrero*, 55 D.P.R. 842, 844. Véase también, *Santiago* v. *Cuevas*, 41 D.P.R. 116. Pero éste no es un pleito en el cual la apelada está tratando de establecer la validez de un contrato por ejecutar (*executory contract*). En este caso no se niega el testimonio de que la mercadería fuera en realidad entregada. Sería injusto permitir a una parte en un contrato refugiarse en el artículo 82 después que la otra

parte ha cumplido a cabalidad sus obligaciones bajo el contrato. A este respecto la regla existente en la ley común referente al Estatuto de Fraudes provee una analogía útil. La sección 178, *Restatement, Contracts,* lee en parte como sigue:

"Clases de contratos que caen dentro del Estatuto de Fraudes, (1) El cumplimiento de las siguientes clases de contratos informales no puede ser exigido según la ley a menos que exista un memorándum de los mismos por escrito firmado por la parte contra quien se intenta hacer efectivo el contrato . . .

"Clase VI. Contratos para la venta de mercaderías o de derechos a una causa de acción (*choses in action*) de un valor en exceso de una suma fijada en cantidades diversas por los estatutos de los diferentes Estados, *a menos que el comprador acepte y realmente haya recibido la cosa vendida o parte de ella . . .*" (Itálicas nuestras.)

Véanse también Williston *on Contracts* (Revised Edition) Vol. II, Sección 505, pág. 1474; *Garfield* v. *Paris,* 96 U. S. 557, 563; *Bicknell* v. *Owyhee Sheep & Land Co.,* 176 P. 782, (Idaho).

Reconocemos que nuestra decisión resultará hasta cierto punto en situar las cuentas corrientes fuera del alcance del artículo 82. Pero si un demandante puede probar que él en realidad ha entregado toda la mercadería en cuestión al demandado o a algún antecesor en derecho, en justicia no se puede llegar a otra conclusión. La naturaleza de una cuenta corriente hace que esto sea particularmente cierto, toda vez que frecuentemente no se puede anticipar cuando se abre por primera vez si en sus fluctuaciones la cuenta excederá de $300 en cualquier época determinada.

Los apelantes también alegan que los libros de la apelada hubieran sido la mejor evidencia de las obligaciones de Aquino en la cuenta corriente. Esto puede ordinariamente ser cierto. Pero los apelantes, aun cuando anteriormente habían radicado una excepción previa, una moción de traslado y una contestación, no comparecieron al juicio a ob-

jetar el testimonio oral del tenedor de libros. Aunque quizá inferior en valor probatorio a los libros mismos, el testimonio oral era admisible, por lo menos en ausencia de una objeción al mismo. La corte de distrito lo creyó y basándose en éste dictó sentencia a favor de la demandante.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. Travieso no intervino.