394

PEDRO, MARÍA-ISABEL, WILBERTO, HEBERTO y RAÚL AQUINO, bajo patria potestad de ISABEL RIVERA, demandantes y apelantes, *v*. F. CARRERA & HNO., demandada y apelada.

Núm. 9020.—*Sometido:* Diciembre 20, 1944. *Resuelto:* Enero 9, 1945.

*Antonia J. Amadeo,* abogado de los apelantes; *Géigel & Silva,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Al ocurrir la muerte de Pedro Aquino, un detallista, la sociedad mercantil F. Carrera & Hno. demandó a los herederos de Aquino en cobro de un balance de $1,045.50 que se alegaba Aquino le adeudaba. Para asegurar la efectividad de la sentencia que pudiera recaer en el referido pleito, F. Carrera & Hno. embargó ciertos bienes propiedad de los he-

rederos. Fué el pleito a juicio, y se dictó sentencia a favor de F. Carrera & Hno., que fué confirmada por esta corte en apelación. 60 D.P.R. 143.

Como consecuencia de dicho embargo, los herederos radicaron demanda de daños y perjuicios contra F. Carrera & Hno. La médula de su demanda es que el Márshal de la Corte de Distrito de Bayamón, después de haber embargado los bienes de los herederos en el pleito en cobro de dinero entablado por F. Carrera & Hno., había entregado dichos bienes a F. Carrera & Hno., quienes los trasladaron a San Juan, sin que mediara orden de la corte o notificación de dicho traslado a los herederos.

F. Carrera & Hno. excepcionó la demanda en el pleito de daños. La corte de distrito declaró con lugar la excepción previa, concediendo a los demandantes diez días para enmendar su demanda. Al no hacerlo así, se dictó sentencia a favor de la demandada F. Carrera & Hno. Los demandantes apelan de la referida sentencia.

La demanda radicada por F. Carrera & Hno. en cobro de dinero se radicó originalmente en la Corte de Distrito de San Juan. A instancias de los herederos de Aquino dicho pleito se trasladó a la Corte de Distrito de Bayamón. La Corte de Distrito de San Juan, antes del traslado, expidió orden de embargo dirigida al Márshal de la Corte de Distrito de Bayamón. Por tanto empezaremos por indicar que esta orden de embargo, expedida por la Corte de Distrito de San Juan para asegurar la efectividad de la sentencia que pudiera recaer, podía válidamente dirigirse a y ejecutarse por el Márshal de la Corte de Distrito de Bayamón sobre bienes radicados en Bayamón. En verdad, los propios apelantes, a la luz del caso de *Carlo* v. *Corte,* 58 D.P.R. 889, y el artículo 245 del Código de Enjuiciamiento Civil, ed. 1933, admiten ahora que la referida orden fué válidamente expedida y ejecutada.

■ El único punto' que los herederos levantan en apelación es que el traslado por F. Carrera & Hno. a San Juan de los bienes embargados fué ilegal y que con ello se les ocasionó daños. Para resolver esta contención creemos innecesario determinar si bajo las circunstancias de este caso fué válido el traslado a San Juan de los bienes embargados. Asumimos, sin decidirlo, que no estaba autorizado. Pero el referido traslado a San Juan por F. Carrera & Hno. de los bienes embargados no podía tener efecto en la validez de la orden original y del embargo de ella proveniente. Una vez que se admite, como se hizo aquí, que estas gestiones originales se llevaron a cabo de conformidad con la ley, un acto ilegal posterior no puede operar retroactivamente para invalidar *ab initio* la orden y el embargo. Es claro que a lo sumo el referido traslado de los bienes a San Juan—que asumimos, sin decidirlo, fué ilegal—tuvo por resultado solamente disolver el embargo válido original sobre estos bienes en particular. Los herederos de Aquino de haberse así disuelto el embargo, podían en esta etapa de los procedimientos haber reclamado sus bienes, que estaban libre de embargos. O los bienes pudieron haber sido embargados otra vez por F. Carrera & Hno. o por otros acreedores. Del presente pleito de daños no se desprende lo que ocurrió a los bienes después de la alegada disolución del embargo. No se alega que los bienes se dañaron, o aún que permanecieron en manos de F. Carrera & Hno. En verdad, de todo lo que la demanda demuestra pudieron haber sido recobrados intactos inmediatamente por los apelantes.

■■■ El caso en su consecuencia se reduce a esto: el embargo era válido originalmente; los apelantes por tanto no pueden reclamar daños provenientes del mismo. El embargo—asumimos argüendo—fué disuelto por el traslado de los bienes del distrito judicial en que se embargaron originalmente. Pero los daños no surgen *ipso facto* de la disolución de un embargo válido. Y los apelantes se negaron a

enmendar su demanda para alegar hechos que demostraran los daños ocasionádosles provenientes de la disolución del embargo.. Por tanto la corte de distrito·no cometió error al dictar sentencia a favor de la demandada.

*La sentencia de la corte de distrito será confirmada.*

El Juez Presidente Sr. Travieso se inhibió.