Logia Adelphia No. 1, etc., demandante y apelada, *v.* La Gran Logia Soberana de Puerto Rico, etc., demandada y apelante.

No. 5162.—*Sometido:* Mayo 23, 1930. *Resuelto:* Julio 24, 1930.

*R. Ramírez Pabón*, abogado de la apelante; *José Sabater, Amador Ramírez, Enrique Báez Jr. y José Benet*, abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un caso de *mandamus* iniciado por una logia masónica, constituída de acuerdo con las leyes fundamentales de la Masonería, bajo la jurisdicción de la Gran Logia Soberana de Libres y Aceptados Masones de Puerto Rico, contra la propia Gran Logia Soberana.

Presentada la demanda que contiene catorce hechos y ocupa más de diez páginas en maquinilla, se libró una orden para mostrar causa. La demandada presentó una moción pidiendo que se dejara sin efecto la orden para mostrar causa por varias razones que expuso, y contestó. Su contestación ocupa también más de diez páginas en maquinilla y está cuidadosamente preparada.

Celebrada la vista, la corte dictó sentencia ordenando a la demandada que entregara a la demandante su carta patente, sin condición alguna y definitivamente. La sentencia se basa en las siguientes conclusiones de hecho y de derecho:

"1. Que el día 12 de junio de 1929, el demandado Rodolfo Ramírez Pabón, ostentando la autoridad de Gran Maestro de la Gran Logia Soberana de Puerto Rico, en unión de otros directores y oficiales de la Gran Logia demandada, se personó en el local que tiene establecido en esta ciudad su templo la Logia Adelphia No. 1, y allí y entonces decretó la suspensión de dicha Logia Adelphia No. 1 hasta la próxima reunión de la Gran Logia y allí y entonces también retiró y se apoderó de la Carta Patente de la Logia demandante llevándosela consigo y se incautó de los fondos de dinero y archivos y propiedades de la Logia Adelphia No. 1 y desde entonces la Logia demandante y los miembros de la misma están paralizados en sus derechos corporativos y prácticamente disuelta dicha Logia, sin poder reunirse ni celebrar sus sesiones ni disponer de sus propiedades ni de los fondos existentes en la asociación. 2. Que la Gran Logia Soberana de Puerto Rico celebró su sesión trimestral ordinaria el día 20 de julio de 1929, en la ciudad de San Juan de Puerto Rico, y allí resolvió que se devolviera la Carta Patente a la Logia Adelphia No. 1 que le había sido retirada por el Gran Maestro, el demandado Rodolfo Ramírez Pabón, previa ratificación de sus promesas o juramentos masónicos para aquellos hermanos que quieran continuar for-

438

mando parte de la Logia. En virtud de tales hechos probados, la
corte llega a las siguientes conclusiones legales: Primera: Que esta
corte tiene jurisdicción para conocer de este caso. 19 R.C.L. 1226.
Segunda: Que los procedimientos adoptados por el demandado Ro·
dolfo Ramírez Pabón, como Gran Maestro de la Gran Logia, fueron
irregulares y contrarios a la ley fundamental de la Institución, o sea
a su Constitución en su artículo 12, porque él no tiene autoridad ni
poder como Gran Maestro para retirar la Carta Patente y llevársela
consigo, produciendo así prácticamente una disolución de la Logia
demandante; siendo la Gran Logia la única que puede retirar la
Carta Patente, siempre que haya procedido un juicio contradictorio
y se haya dictado fallo y tal juicio nunca se celebró ni fué la Gran
Logia la que retiró dicha Carta Patente. Tercera: Que si bien la
Gran Logia demandada resolvió devolver o reponer la Carta Patente
a la Logia demandante, no podía hacerlo imponiendo condiciones,
porque fué retirada dicha Carta irregularmente y ha debido devol-
verla sin condiciones.''

No conforme la demandada, apeló señalando en su ale-
gato la comisión de once errores.

Desearíamos contar con el tiempo necesario para emitir
una opinión que abarcara todas las cuestiones suscitadas y
discutidas, pues son interesantes, en verdad. No contando
con él, nos limitaremos a estudiar y resolver el punto que
consideramos esencial. Se levanta en el tercer señalamiento,
así:

''3. La corte erró al declararse con jurisdicción para conocer de
este asunto.''

Los antecedentes del caso constan expuestos en los decre-
tos de suspensión temporal y de levantamiento de suspen-
sión, presentados y admitidos como prueba.

El primero, en parte, dice:

''Considerando que en 19 de diciembre de 1928 la Resp:. Log:.
'Adelphia' No. 1 de Mayagüez, consultó al Muy Respetable Gran
Maestro acerca de la conducta que deberá observar el Ven:. Mtro:.
de una Logia de esta obediencia en el caso de que un candidato se
niegue a besar la Biblia durante la ceremonia de Iniciación. Con-
siderando que en 6 de febrero del corriente año el Muy Respetable

Gran Maestro, por conducto del Gran Instructor General, evacuó dicha consulta contestando a la Resp∴ Logia 'Adelphia' No. 1 que si un candidato se negare a besar la Biblia o cualquier otro libro sagrado por no creer en él, hecho que se debe averiguar antes de su entrada en Logia, entonces el candidato deberá ser conducido fuera del Templo y despedido. Considerando que en vista de la contestación dada por el Gran Instructor General a la mencionada consulta, la Resp∴ Logia 'Adelphia' No. 1 hizo circular entre los Maestros Masones miembros de su cuadro una circular (convocatoria) impresa que copiada textualmente dice como sigue: 'En la noche del día 10 de mayo esta Logia celebrará tenida extraordinaria en Cámara de tercer grado. En esta reunión se discutirá si deberán ser rechazados de la Masonería aquellos candidatos que, aceptando la existencia de un Ser o Causa Suprema, no acepten como sagrados los libros reputados como tales por las religiones reveladas. Este asunto es de tanta trascendencia para la Masonería, que confiamos asistirá usted a esta reunión. Eugenio Orsini, Venerable Maestro. Salvador Lojo, Secretario.' Considerando que en la reunión celebrada el 10 de mayo de 1929, previa convocatoria circulada al efecto y que ha sido transcrita anteriormente, la Cámara de Maestros de la Resp∴ Logia 'Adelphia' No. 1 tomó el siguiente acuerdo: '1. No tomar en consideración la carta del Gran Instructor y continuar la iniciación de cualquier candidato aun cuando se negare a besar la Biblia o cualquier otro libro llamado sagrado; II. Informar de este acuerdo a la Gran Logia y a todas las demás Logias de la Obediencia para que este asunto sea considerado en la próxima sesión trimestral y resuelto en la próxima Asamblea anual, enmendando las nuevas liturgias en consecuencia con estos principios.' Considerando que este acuerdo de la Cámara de Maestros de la Resp∴ Logia 'Adelphia' No. 1 fué comunicado a esta Gran Maestría y circulado a las Logias de la Obediencia en una carta circular sin firma en que aparece estampado el sello de la Resp∴ Logia 'Adelphia' No. 1, lo que dió motivo a que esta Gran Maestría con fecha primero de junio del corriente año dictase un decreto desautorizando y condenando los procedimientos y actuaciones de la Resp∴ Logia 'Adelphia' No. 1 y recomendando a las Logias de la Obediencia que se abstuviesen de tomar en consideración dicha circular o hacer comentario alguno en relación con la misma, y a la vez ratificando en absoluto la contestación dada en 6 de febrero del corriente año por el Gran Instructor General al evacuar la consulta de la Resp∴ Logia 'Adelphia' No. 1 a que se ha hecho referencia anteriormente, y ordenando y decre-

tando la estricta observancia del principio sentado en dicha contestación en todas y cada una de las Logias de la Obediencia. Considerando que la Cámara de Maestros de la Resp:. Logia 'Adelphia' No. 1 reunida en tenida ordinaria el día 5 de junio del corriente año ratificó el acuerdo tomado por dicha Cámara en 10 de mayo de 1929 y se hizo solidaria y responsable de la circular sin firma y con el sello de la Resp:. Logia 'Adelphia' No. 1 que fué comunicada a esta Gran Maestría y circulada anónimamente a las Logias de la Obediencia. Considerando que en sesión trimestral celebrada. por la Gran Logia Soberana de Puerto Rico el día 28 de enero de 1928, se aprobaron las Liturgias preparadas por la Comisión de Liturgias de la Alta Cámara para los tres grados simbólicos de la Masonería en esta Obediencia, con orden de editarlas bajo la autoridad de esta Gran Logia y para uso oficial y exclusivo en todas las Logias de nuestra Jurisdicción. Considerando que según la Liturgia del Grado de Aprendiz aprobada por esta Gran Logia para uso oficial y exclusivo en todas las Logias subordinadas de esta Jurisdicción, los candidatos, para demostrar su sinceridad al prestar el juramento que habrá de ligarlos para siempre a nuestra Institución, deberán besar la Sagrada Biblia. que como una de las Tres Grandes Luces de la Masonería reposa sobre el Ara en el centro del Templo. Considerando que esta Gran Logia gobierna soberana y exclusivamente la asociación de la Masonería en esta Jurisdicción y está formada por la confederación de las Logias, debiendo éstas conservar incólume en sus trabajos el espíritu y la forma orgánica de la Institución y trabajar uniformemente por los rituales que adopta la Gran Logia. . . Considerando que en virtud del acuerdo tomado por su Cámara de Maestros en 10 de mayo de 1929, la Resp:. Logia 'Adelphia' No. 1 de Mayagüez ha procedido en abierta violación de las leyes y tradiciones masónicas, por cuanto ha realizado actos que infringen los artículos primero, sexto y séptimo de la Constitución de esta Gran Logia, y 128 y 144 de los Estatutos de la Fraternidad. Considerando que los deberes fundamentales de las Logias constituyentes de esta Gran Logia son cumplir fiel y estrictamente los Antiguos Límites, Constitución, Estatutos y demás Leyes Generales que la Gran Logia promulgue, así como sus reglamentos interiores; conservar incólumes el espíritu y la forma de la Institución, y trabajar en la instrucción y perfeccionamiento moral de sus miembros y demás habitantes de la localidad en que se hallen instaladas. Considerando que la Resp:. Logia 'Adelphia' No. 1 de Mayagüez está constituída bajo la Jurisdicción de esta Gran Logia y en tal virtud se encuentra en el caso de cumplir fiel y es-

trictamente los Antiguos Límites, Constitución, Estatutos y demás Leyes Generales que esta Gran Logia promulgue, así como sus reglamentos interiores, con la fuerza de Ley que se establece en el Art. 13 de la Constitución de esta Gran Logia. Considerando que las Liturgias Oficiales de esta Gran Logia fueron sancionadas en sesión ordinaria de la Alta Cámara y promulgadas en debida forma, de lo cual se dió conocimiento a todas y cada una de las Logias de la Obediencia, con orden de ser usadas obligatoria y exclusivamente por todos los Talleres constituyentes de esta Jurisdicción. . . Considerando que mientras no se disponga lo contrario por la Alta Cámara, las Liturgias aprobadas para uso oficial de esta Gran Jurisdicción en enero de 1928 deben mantenerse en toda su fuerza y vigor, debiendo las Logias de la Obediencia trabajar uniformemente por ella sin alterarlas ni modificarlas en forma o manera alguna, cualquiera que sea la opinión particular de un Masón o grupo de masones, ya que actuar en sentido contrario implica un perjurio y una traición contra la Fraternidad y un atentado contra la Soberanía y el Poder Legislativo de esta Gran Logia. . . Considerando que la negativa de tomar en consideración una decisión del Gran Instructor General equivale para todos los efectos de ley a un desacato al Gran Maestro, e implica un menosprecio de la Suprema Autoridad que al Gran Maestro y a sus delegados le ha sido conferida por las leyes fundamentales de esta Gran Logia. . . Considerando que no es potestativo de las Logias de esta Obediencia ni de ninguna de sus Cámaras discutir o poner en entredicho los acuerdos de la Alta Cámara ni las decisiones o resoluciones de la Gran Maestría o sus delegados. Considerando que lejos de atemperar sus actos al verdadero espíritu de fraternidad, de disciplina y de orden que debe prevalecer en todo procedimiento o actuación masónica, la Resp∴ Logia 'Adelphia' No. 1 por conducto de su Cámara de Maestros en tenida ordinaria celebrada el 5 de junio del corriente año, acusa a la Gran Maestría de haber adoptado una actitud contraria a la tolerancia y a la Fraternidad masónica por haber denunciado y condenado ante las Logias de la Obediencia los procedimientos subversivos y antimasónicos de dicha Resp∴ Logia. Por tanto: en uso de las facultades que me confiere el inciso II del Art. 27 de la Constitución, yo, Rodolfo Ramírez Pabón, Gran Maestro de la Gran Logia Soberana de Libres y Aceptados Masones de Puerto Rico, RESUELVO: 1. Suspender, como suspendo, a la Resp∴ Logia 'Adelphia' No. 1 de Mayagüez hasta la próxima sesión de la Gran Logia Soberana de Libres y Aceptados Masones de Puerto Rico, en los términos que señala el mencionado

precepto legal. 2. Recogerle temporalmente su Carta Patente mientras la Gran Logia no disponga lo contrario. 3. Recoger y poner en seguridad los fondos y pertenencias de dicha Logia mientras esté vigente este Decreto.''

Y el segundo expresa:

''DECRETO NO. 11. LEVANTAMIENTO DE LA SUSPENSIÓN DE LA RESPETABLE LOGIA 'ADELPHIA' No. 1 Y REPOSICIÓN DE SU CARTA PATENTE. Nos, el Muy Respetable Gran Maestro de la Gran Logia Soberana de Libres y Aceptados Masones de Puerto Rico, A las Potencias Masónicas de Nuestra Amistad, A las Respetables Logias de Nuestra Jurisdicción, A todos los Masones regulares, SABED: Que la Muy Respetable Gran Logia Soberana de Libres y Aceptados Masones de Puerto Rico, en su sesión trimestral ordinaria, celebrada en la Ciudad de San Juan, Puerto Rico, el día 20 del mes en curso, tuvo a bien aprobar todas las actuaciones del Muy Respetable Gran Maestro en relación con la suspensión temporal de la Respetable Logia 'Adelphia' No. 1 de Mayagüez que había sido decretada por mí disciplinariamente en 12 de junio del corriente año en los términos que señala el Inciso II del Artículo 27 de la Constitución, y acordó a la vez que la Gran Logia Soberana de Libres y Aceptados Masones de Puerto Rico se constituya en Mayagüez en Comisión Ejecutiva y levante la suspensión de dicha Respetable Logia y reponga su Carta Patente, previa ratificación de su juramento por aquellos hermanos que quieran continuar formando parte de aquel Taller. Por tanto, en uso de las facultades de ley que me están conferidas, vengo en DECRETAR el levantamiento de la suspensión de la Respetable Logia 'Adelphia' No. 1 de Mayagüez y la reposición de su Carta Patente, colocando en tal virtud a dicha Respetable Logia en el mismo ser y estado en que se encontraba en la fecha de su suspensión disciplinaria. TRANSITORIOS. 1. Todos los miembros de la Respetable Logia 'Adelphia' No. 1 serán convocados para el miércoles día 31 del mes en curso a las ocho de la noche para dar cumplimiento al mencionado acuerdo y proceder a la reposición de la Carta Patente de dicha Respetable Logia en los términos que señala el acuerdo de la Alta Cámara. 2. El Muy Respetable Gran Maestro en su carácter de Presidente nato de todas las Logias, girará convocatoria a tal efecto a todos los miembros de la Respetable Logia 'Adelphia' No. 1 y se constituirá con su Gabinete en Sesión Ejecutiva en el Templo de dicha Respetable Logia en la fecha antes expresada, con el objeto de reanudar los trabajos de dicho Taller en los términos que señala el men-

cionado acuerdo de la Alta Cámara. 3. Todos los fondos y pertenencias de la Respetable Logia 'Adelphia' No. 1 serán devueltos a sus funcionarios conjuntamente con la reposición de su Carta Patente. 4. Con el levantamiento de la suspensión de la Respetable Logia 'Adelphia' No. 1, y la reposición de su Carta Patente quedan reanudadas todas las actividades y relaciones de dicha Respetable Logia y podrá ésta continuar sus trabajos de conformidad con lo preceptuado en la Constitución y demás leyes generales y especiales de la Alta Cámara. 5. Suplícase a las Grandes Potencias Masónicas de nuestra amistad que hagan conocer el presente Decreto en sus respectivas Jurisdicciones para los efectos consiguientes. 6. Este decreto causará efecto desde el día 20 del mes en curso en que fué acordado el levantamiento de la suspensión de la Respetable Logia 'Adelphia' No. 1 y la reposición de su Carta Patente. 7. Todo Decreto o parte de Decreto que se oponga al presente, queda por éste derogado.''

Ruling Case Law, resume la ley aplicable, así:

''Como las asociaciones para beneficio mutuo, ya estén incorporadas o no, son constituídas mediante la asociación puramente voluntaria de individuos para la realización de aquellos fines que mutuamente han convenido, y como la selección de los fines para los cuales se constituye la sociedad y la determinación de los medios a virtud de los cuales deban realizarse tales fines, son peculiarmente cuestiones que deben ser resueltas por la asociación misma, generalmente se admite que dentro de su propio campo de acción son supremas en lo relativo a cuestiones de disciplina y de orden interno, cuando no estén evidentemente envueltos derechos privados, como una sociedad religiosa, y que los miembros de tal asociación pueden sin duda alguna limitarse a sí mismos, en lo relativo a cuestiones incidentales al desenvolvimiento de la asociación, a los remedios concedidos por los tribunales por ellas creados. De conformidad con lo anterior, en todas aquellas cuestiones de orden, disciplina, o economía interna de la organización, las reglas por las cuales han convenido los socios ser regidos constituyen la carta constitutiva (*charter*) de sus derechos, y por lo general las cortes se niegan a considerar cualquier asunto que surja en relación con las mismas; y dejan que tales cuestiones sean resueltas en la forma indicada por sus reglamentos. Si el reglamento ha sido violado o si uno de los socios ha sido culpable de tal conducta que autorice una investigación por parte de la sociedad o la imposición de la pena por ella prescrita, es un asunto entera-

mente propio para ser resuelto por la asociación misma; y si la investigación se practica de conformidad con el reglamento, la parte acusada no tiene motivos de queja toda vez que la sociedad únicamente está poniendo en vigor el convenio que ese socio celebró al ingresar como miembro de ella. Por ejemplo, se ha resuelto que un comité de una sociedad que actúa dentro del reglamento y leyes de la misma, al expulsar de su seno a un miembro será sostenido y su decisión no será puesta en tela de juicio. A menos que esté también envuelta la determinación de algún derecho civil, o de un derecho de propiedad, las cortes no intervendrán con los reglamentos de organizaciones de esta naturaleza y una corte de equidad no expedirá un auto de *injunction* a petición de un miembro que es juzgado por la asociación cuando los procedimientos son estrictamente de acuerdo con el reglamento de la orden, ni librará un *injunction* imperativo para compeler que el secreto de una sociedad benéfica sea dado al delegado de una logia subordinada con el fin de permitirle que participe en sus deliberaciones, a menos que esté envuelto también algún derecho de propiedad.

"Si bien por lo general las cortes no intervienen en los asuntos de sociedades benévolas y benéficas cuando solamente están envueltas cuestiones de disciplina, doctrina u orden interno, de ahí no se desprende que las cortes no ejercerán jurisdicción al estar envueltos derechos de propiedad. Cuando uno de los asociados solicita se ponga en vigor un derecho de propiedad o una reclamación de dinero contra tal organización, la relación contractual existente entre la sociedad y sus miembros exigen la aplicación de una regla distinta y en tales casos las cortes tendrán jurisdicción y concederán el remedio adecuado. Cuando asociaciones de esta naturaleza proceden en forma tan arbitraria que manifiestamente violan los derechos privativos de sus socios, como cuando tratan de anular sus contratos de seguros y substituirlos por otros de naturaleza enteramente distinta bajo el viso de enmiendas a sus reglamentos, tales asociaciones son responsables ante la ley al igual que cualquiera otra persona, ya fuere natural o jurídica. Además, se ha resuelto que las cortes tendrán jurisdicción para intervenir contra las decisiones de los miembros de una asociación o de un tribunal creado por ellas cuando se pueda demostrar que sus reglamentos son inmorales, contrarios al orden público o que están en contravención con la ley del país; o cuando el reglamento, no obstante ser válido, no fué observado, por ejemplo, como cuando un miembro que ha sido expulsado de la asociación no se dió aviso u oportunidad de ser oído en su propia defensa o cuando el tribunal

ha actuado de mala fe o con malicia al llegar a una conclusión. Por consiguiente, puede librarse un *mandamus* para obligar a una sociedad que reinstale al seno de la misma a un miembro que ha sido expulsado de ella, cuando el delito de que ha sido convicto no justifica su expulsión o cuando los procedimientos han sido irregulares en puntos esenciales. Para invocar la ayuda de las cortes, sin embargo, la demanda interpuesta por el miembro de la asociación debe demostrar que sus derechos contractuales o de propiedad están envueltos, aunque no es necesario anticipar y refutar las posibles defensas que podrían levantarse bajo el reglamento, ya que es suficiente si su demanda presenta un caso *prima facie*. Tratándose de asociaciones voluntarias no incorporadas, debe aparecer no solamente que la corte está en la obligación de actuar sino que ésta puede actuar efectivamente en el caso.'' 19 R.C.L. 1224.

A primera vista, examinando los hechos a la luz de la jurisprudencia, resulta claro que lo que en verdad está envuelto en el caso es algo interno, privativo de la institución masónica, para ser resuelto por sus propias reglas aplicadas e interpretadas por su reconocida autoridad, y no por los tribunales de justicia.

Para dar color a su reclamación la logia demandante alega e insiste en que los decretos de suspensión y de levantamiento de suspensión del Gran Maestro y de la Gran Logia Soberana, respectivamente, son contrarios al inciso segundo, artículo primero, de la Constitución Masónica de Puerto Rico, que dice:

''Son sus principios la Moral Universal y la Ley Natural dictadas por la razón y definidas por la Ciencia; reconoce un Ser Supremo; no admite más diferencias entre los hombres que el mérito o el demérito; a nadie rechaza por sus creencias y opiniones y no da cabida a debates de religión ni de política.''

También levanta varias cuestiones de procedimiento y dice que ni la conducta del Gran Maestro, ni el trámite seguido al resolverse por la Gran Logia Soberana la apelación establecida para ante ella por la demandante, se ajustaron a las reglas de la propia institución.

Podemos ver el punto fundamental levantado y no hay

duda alguna que las cuestiones de procedimiento suscitadas son dignas de consideración, pero ni la primera destruye el hecho de la existencia de las prácticas y reglas en que se basaron el Gran Maestro y la Gran Logia, aceptadas por la logia demandante y por sus miembros al ingresar en la institución, ni las segundas son de tal naturaleza que interfieran con los derechos de los ciudadanos en tal grado que se requiera para garantizarlos la intervención de los tribunales de justicia.

Tampoco existe, en verdad, cuestión alguna de propiedad envuelta. Se levantó en la demanda la relativa al seguro de sus miembros, citándose el caso de uno de ellos fallecido, cuya familia no había recibido lo que le correspondía, por razón de la suspensión. Se demostró por la demandada que se habían expedido los libramientos necesarios en dicho caso concreto y el cheque a favor de los herederos del miembro fallecido, no obstante la suspensión, y que si el cheque no se había hecho efectivo se debía a haberlo impedido la propia demandante.

La impresión primera subsiste después de un detenido estudio de los autos. Creemos que con la sola intervención de los tribunales en casos de esta naturaleza, se causa un mal mayor que aquél que se trata de evitar. El funcionamiento interior, la regla de vida interna de instituciones como la iglesia, la masonería y otras, corresponde a ellas mismas, y una parte no puede imponerse al todo. Claro está que hay un límite: el de la violación de los derechos de los ciudadanos garantizados por las leyes, o el de la realización de actos contrarios a la política pública, o a las leyes del país. Aquí nada demuestra que se ha llegado a y rebasado ese límite y por lo tanto carecen de jurisdicción los tribunales de justicia. La decisión de la cuestión de si al iniciarse los masones deben o no besar la Biblia "que como una de las Tres Grandes Luces de la Masonería reposa sobre el Ara en el centro del Templo,"—que es la única que en realidad de

verdad está envuelta en el litigio,—es de la exclusiva jurisdicción de la Masonería.

*Debe revocarse la sentencia apelada y dictarse otra declarando la demanda sin lugar, sin especial condenación de costas.*