PABLO RUBERTÉ, demandante y apelante, *v.* THE AMERICAN RAILROAD Co. OF PUERTO RICO, demandada y apelada.

Núm. 6845.—*Sometido:* Diciembre 20, 1937. *Resuelto:* Enero 12, 1938.

*Fernando B. Fornaris, R. Hernández Matos y E. Huertas Zayas,* abogados del apelante; *Mariano Acosta Velarde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

### EN MOCION DE RECONSIDERACION

■■ En este caso concedimos daños y perjuicios a un padre por la pérdida del hijo que le alimentaba. El deber de darse alimentos surge de los artículos 142 y 143 del Código Civil (ed. 1930), que leen como sigue:

"Artículo 142.—Se entiende por alimentos todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia.

"Los alimentos comprenden también la educación e instrucción del alimentista, cuando es menor de edad.

"Artículo 143.—Están obligados recíprocamente a darse alimentos, en toda la extensión que señala el artículo precedente:

"1. Los cónyuges.

"2. Los ascendientes y descendientes legítimos.

".         .         .         .         .         .         ."

La apelada sostiene que una acción de daños y perjuicios por la muerte de una persona debido a la negligencia de otra, corresponde solo y exclusivamente a sus herederos, y que como Justo Ruberté dejó hijos legítimos, su padre Pablo Ruberté no era tal heredero. Que Pablo Ruberté no es un heredero, se desprende del artículo 736 del Código Civil, que expresamente excluye los ascendientes del finado cuando hay descendientes legítimos. La contención principal de la apelada se basa en el artículo 61 del Código de Enjuiciamiento Civil, que lee así:

"Cuando la muerte de una persona mayor de edad fuere causada por el acto ilegal o negligencia de otra, sus herederos o representantes personales podrán entablar demanda por daños y perjuicios contra la persona causante de la muerte; y si dicha persona estuviere empleada por otra, responsable de su conducta, podrán también entablarla contra ésta. En toda demanda con arreglo a este artículo y al precedente, se regulará el importe de los daños y perjuicios que fueren justos, vistas todas las circunstancias del caso."

En *González* v. *San Juan Light & Transit Co.*, 17 D.P.R. 124, este tribunal resolvió que el artículo 1803 del Código Civil era la fuente original de una acción de daños y perjuicios. En *Arreche et al.* v. *The Porto Rico Railway, Light & Power Co.* 41 D.P.R. 445, este tribunal resolvió nuevamente que el artículo 1803 del Código Civil es una fuente original de donde un demandante puede hacer responsable a un demandado por la muerte de otra persona. En el caso de *Orta* v. *P. R. Railway, Light & Power Co.*, 36 D.P.R. 743, esta corte, al discutir el artículo 61 del Código de Enjuiciamiento Civil, se expresó así:

"Entonces, es evidente que en Puerto Rico la causa de acción no dependía ni depende exclusivamente de los artículos 60 y 61 del Código de Enjuiciamiento Civil. La causa de acción no fué creada por primera vez por estos artículos. Dado el estado anterior de la ley en Puerto Rico, examinemos estos artículos para ver el efecto que en realidad han tenido. Se nota inmediatamente que estos dos artículos se colocan bajo el capítulo del Código de Enjuiciamiento Civil que trata de las partes en las acciones civiles. Determinan las personas que pueden entablar una acción por *muerte ilegal*. Tal vez concedan el derecho a entablar una causa de acción a personas que anteriormente no lo tenían e impidan que otras personas ejerzan derechos similares. No hallamos nada en estos artículos que demuestre que la Legislatura pensara que estaba creando una causa de acción por primera vez. Por el contrario, la Legislatura tiene que haber sabido que existía el artículo 1803 del Código Civil y no trató de derogarlo o de restringirlo.

".    .    .    .    .    .    .    .    .

". . . Nada hay en los artículos 60 ó 61 que demuestre intención alguna de desviarse de las causas de acción existentes anteriormente, o la intención por parte de nuestra Legislatura de adoptar la ley con la interpretación dádale en algún otro estado."

El hecho fué que Justo Ruberté no sólo tenía el deber de alimentar a su padre sino que en verdad contribuía a su sostenimiento. Habiéndose establecido la negligencia de la demandada, surgió en su consecuencia una causa de acción en favor de Pablo Ruberté por razón de la muerte de su hijo.

El artículo 1802 del Código Civil (ed. 1930) dispone lo siguiente:

"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado."

Por lo tanto, no importa que Pablo Ruberté fuera o no un heredero.

*Debe declararse sin lugar la moción de reconsideración.*

Los Jueces Asociados Señores Hutchison y Córdova Dávila no intervinieron.